Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MONICA SCHUERKAMP,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AFNI, INC.,<br><br>　　　　Defendant. | Case No.: 10-6282-HO<br><br>**COMPLAINT;**<br><br>FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*);<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiff, Monica Schuerkamp ("Plaintiff"), is a natural person residing in Benton County, Oregon.

4. Defendant, Afni, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. The debt Defendant attempted to collect from Plaintiff was a debt originally owed to DirecTV. It is not clear from the letter Plaintiff received who the current owner of the debt is. (See Dun Letter of 06/01/2010, attached hereto as Exhibit "A").

10. In a letter dated June 1, 2010, Defendant falsely represented the character, amount, or legal status of Plaintiffs debt by sending Plaintiff a dun letter for a debt she

does not owe (§ 1692e(2)(A)). (See Exhibit "A").

11. Defendant failed to clearly state the name of the current creditor for the alleged debt. The June 1, 2010, letter sent to Plaintiff states that the original creditor is DirecTV and lists DirecTV's address, but does not state the identity of the company to whom the debt is owed (1692g(a)(2)). (See Exhibit "A").

12. Defendant overshadowed the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period and made false threats within the same thirty-day period, including threatening to report the alleged debt to Plaintiffs credit report. (See Exhibit "A"). Besides overshadowing the disclosures required by 15 USC § 1692g(a) that appear in the letter, the threat in the letter to report the debt to credit bureaus was also a threat to take an action that cannot be taken, as it is not lawful to report inaccurate information to a credit reporting agency (§ 1692g(b) & § 1692e(5)).

13. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

15. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

16. To the extent Defendant's actions, detailed in paragraphs 8-13, were carried

out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692g(b), 1692g(a)(2), 1692e(5) & 1692e(2)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 26th day of August, 2010.

By: _____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff