IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| MONICA SCHUERKAMP, | ) | |
| | ) | Case No. 10-6282-HO |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| AFNI, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Monica Schuerkamp, brings this action against defendant Afni, Inc. asserting violations of the Fair Debt Collection Practices Act (FDCPA). Afni seeks summary judgment contending it committed no violations of the Act.

Afni is a debt collection agency which reports delinquent DirecTV accounts to consumer reporting agencies. On May 27, 2010, DirecTV assigned an account to Afni for collection. The assigned

ORDER - page 1

account listed Monica Schueraamd in Portland, Oregon.

Afni uses LexisNexis Risk Solutions batch products to find the most current address to send initial notices to debtors. LexisNexis uses public records to identify updated addresses. Afni provided LexisNexis the name Monica Schueraamd along with a last known address in Portland, Oregon, a social security number, and a home phone number. LexisNexis reported back to Afni the address of 2937 NE Newcastle Pl., Corvallis, Oregon 973304118.

Since the social security numbers purportedly matched and the person listed at the address (plaintiff Monica Schuerkamp) closely resembled the debtor's name, Afni sent the notice to the Corvallis address addressed to Monica Schueraamd on about May 28, 2010.

The notice read in part:

This account has been placed with our agency for collection. We are requesting your assistance in resolving this matter. We may report information about your account to credit bureaus.

If you have any questions, please contact our office toll free at (866)352-0472 Monday through Friday 7am-9pm CST. For proper credit on your account, please write this number 30041303 on your payment.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of the debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current

ORDER - page 2

creditor. This is an attempt to collect a debt. Any
information obtained will be used for the purpose. You
have the right to inspect your credit. This letter is
from a debt collector.

Exhibit A (attached to Complaint (#1)). The payment coupon listed

the account number for Monica Schueraamd and listed Monica

Schueraamd as the addressee.

On or about June 8, 2010, plaintiff called Afni and stated she

never lived at the address for the DirecTV account and did not go

by the name Monica Schueraamd. According to plaintiff, Afni told

her to call DirecTV to report that this was not her account.

Deposition of Monica W. Schuerkamp (attached to Declaration of

Jeffrey I. Hasson (#37) as Exhibit B) at p. 21. Afni made a fraud

report about the debt to DirecTV. On June 14, 2010, Afni closed

the account at DirecTV's request and took no further action on the

account.

Afni asserts that the notice it sent complied with the

requirements of the FDCPA, and that even if there were a violation,

it is entitled to the bona fide error defense. In addition, Afni

contends that plaintiff lacks standing to bring this action.


A.   Standing

Plaintiff asserts violations of 15 U.S.C. §§ 1692g(b),

1692g(a)(2), 1692e(5), and 1692e(2)(A). The statutes regulate the

interactions a debt collector can have with a consumer. Afni

ORDER - page 3

asserts that plaintiff is not a consumer as defined by the FDCPA.

A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). A "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

Plaintiff Monica Schuerkamp is not obligated to pay the debts of the debtor listed in the notice, Monica Schueraamd. The DirecTV account belonged to Monica Schueraamd. Plaintiff does not know whether the underlying transaction for the account was primarily for personal, family or household use.

15 U.S.C. 1692(g) requires debt collectors to provide certain information to the "consumer," and to take certain actions in response to "consumer" requests or notices. 15 U.S.C. § 1692e prohibits a debt collector from using false or misleading representations in connection with a "debt."

Summary judgment is not appropriate as to the standing issue because there are issues of fact as to whether plaintiff was a "person ... allegedly obligated to pay [the] debt" referred to by the DirecTV account. The record reflects that defendant obtained information indicating that a person with plaintiff's name lived at

ORDER - page 4

the Corvallis address and that the last name was similar enough to merit sending the notice to that address, given that the social security numbers matched. Accordingly, an inference that plaintiff is a consumer protected by the statutes at issue could be made.[1] As to the whether the account was primarily for personal, family, or household purposes, further development of the facts would be necessary given that plaintiff does not have access as to the purpose of the account. Accordingly, summary judgment on the basis of standing is denied. However, summary judgment is appropriate for the reasons stated below.

B. FDCPA Requirements

(1) Section 1692(g)(a)

15 U.S.C. § 1692(g) provides in part:

(a) Notice of debt; contents

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

> . . .

> > (2) the name of the creditor to whom the debt is owed;

---

[1] In addition, the liability section casts liability on "any debt collector who fails to comply with any provision of this subchapter with respect to any person...." 15 U.S.C. § 1692k (emphasis added).

Plaintiff asserts that defendant failed to effectively convey the "current" creditor. The Notice lists "afni" in large bold letters at the top and also lists Afni, Inc. along with its address across the top. The notice itself states that "this account has been placed with our agency for collection," and that "[t]his letter is from a debt collector." There is no dispute that plaintiff understood that Afni was the debt collector. The notice listed, under creditor, DirecTV, and also included the DirecTV account number and instructions to make checks payable to DirecTV and included DirecTV's address.

"Creditor"

> means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(4).

There is no legitimate dispute that the notice contained the name of the creditor to whom the debt was owed. Plaintiff argues, however, that the disclosure was overshadowed by the language that the "account has been placed with our agency for collection."

While it is true that

> [t]he statute is not satisfied merely by inclusion of the required ... notice; the notice Congress required must be conveyed effectively to the debtor. It must be large enough to be easily read and sufficiently prominent to be noticed-even by the least sophisticated debtor..... Furthermore, to be effective, the notice must not be overshadowed or contradicted by other messages or notices

ORDER - page 6

appearing in the initial communication from the collection agency.

Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222, 1225 (9th Cir. 1988). No matter how unsophisticated a debtor is, the listing of DirecTV could not be missed. The notice also clearly indicated that Afni was a debt collector and did not overshadow the notice that DirecTV was the creditor. No reasonable trier of fact could conclude otherwise. See Hasbrouck v. Arrow Financial Services LLC, 2011 WL 1899250, at *3-4 (N.D.N.Y. May 19, 2011) (The "unsophisticated consumer" isn't a dimwit. She may be "uninformed, naive, [and] trusting," but she has "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences.") In addition, plaintiff has not presented any evidence beyond her own counsel's speculation that the required notice fails. See id. at *4:

> Mere speculation that a document confuses the unsophisticated debtor is not enough to survive a motion for summary judgment filed by a debt collector.... The debtor must establish evidence of confusion with more than his own self-serving assertions.

The motion for summary judgment is granted as to the section 1692g(a)(2) claim.

(2) Section 1692g(b)

15 U.S.C. 1692g(b) provides in part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is

ORDER - page 7

disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

Plaintiff contends that the notice itself, by including threats of credit harm, actually overshadowed the required disclosure regarding disputing the debt. See 15 U.S.C. § 1692g(a)(4) (notice shall include a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector).

Although the record only supports a finding that defendant did in fact cease collections activities following the phone call from plaintiff and that plaintiff did not dispute the debt in writing, plaintiff argues that the threat overshadows the dispute disclosure and is itself the violation. The purported threat is the statement

ORDER - page 8

that "We may report information about your account to credit bureaus." There is insufficient evidence to support a finding that the least sophisticated consumer would be misled or that such language would overshadow the right to dispute the debt. See, e.g., Cruz v. MRC Receivables Corp., 563 F.Supp.2d 1092, 1097 (N.D.Cal. 2008) (notice stating, among other things, that "a negative credit report reflecting on your credit record may be submitted" was not misleading or unfair to the least sophisticated consumer.). The motion for summary judgment as to the section 1692g(b) claim is granted.

### (3) Section 1692e

15 U.S.C. § 1692e provides in part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

(2) The false representation of--

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

. . .

(5) The threat to take any action that cannot legally be taken or that is not intended to be

taken.

Plaintiff contends that defendant violated section 1692e by stating that she owes a debt she does not owe and by threatening to report the debt to the credit bureau.

Although, as noted above, there is an issue of fact as to whether plaintiff has standing because she may qualify as a person allegedly obligated for a debt, there is no dispute that the notice itself named Monica Schueraamd and did not include a social security number.[2] Plaintiff has not provided sufficient evidence demonstrating that the representation that Monica Schueraamd owed a debt was false.

Plaintiff also argues that

> even if the notice is not viewed as a communication to Plaintiff because her name is not listed on the letter, Defendant did eventually state that Plaintiff owed the debt by refusing to immediately cease collection, instead ordering Plaintiff to dispute the debt again, this time with the original creditor.

Plaintiff's Response (#28) at p. 6.

However, plaintiff testified that what she remembered regarding the call to Afni was that all Afni did was give her information to call DirecTV to report this was not her account. Schuerkamp Deposition (attached to Response (#28) as Exhibit B) at

---

[2]It was the purported matching social security number, along with the similar name, that prompted both LexisNexis and defendant to conclude that plaintiff's address was the correct address for the debtor. Had the social security number been included in the notice, plaintiff might have reasonably concluded that she was the target of the notice and that defendant falsely stated that she was the debtor.

ORDER - page 10

p. 21. There is no evidence to support an inference that Afni communicated to plaintiff that she owed a debt to Afni or DirecTV. The only other communication to plaintiff's address is a letter from Afni relating that the account had been disputed as fraudulently established and to call DirecTV to process such claim.

In addition, defendant made a fraud report to DirecTV. Given the evidence in the record, a trier of fact could only conclude that defendant made no threats to plaintiff via letter or phone and that once plaintiff disputed the debt by notifying defendant that she was not the named debtor, defendant ceased all collection activity. Accordingly, defendant is entitled to summary judgment. The court need not reach the bona fide error defense.

## CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment (#16) is granted and this action is dismissed.

DATED this ___16th___ day of November, 2011.

_____
United States District Judge

ORDER - page 11