IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MONICA SCHUERKAMP,           )
                             )    Case No. 10-6282-HO
            Plaintiff,       )
                             )    ORDER
      vs.                    )
                             )
AFNI, INC.,                  )
                             )
            Defendant.       )
_____)

Plaintiff brought this action asserting violations of the Fair Debt Collection Practices Act (FDCPA). The court granted summary judgment in favor of defendant. Defendant now seeks attorney fees in the amount of $10,423.40[1] and costs in the amount of $20.

Defendant asserts that because plaintiff only sought $500 in

---

[1] Defendant also seeks an additional $390 in fees for work in filing a reply in support of the fee motion.

ORDER - page 1

actual damages and $1,000 in statutory damages, and because plaintiff presented insufficient evidence to support her claim, plaintiff's counsel pressed this case merely as an attempt to recover attorney fees. Defendant contends that plaintiff's counsel used the fee provision of the FDCPA to pressure it to settle, especially because the FDCPA only provides for fees to a prevailing defendant if defendant proves bad faith[2] with no such restriction for prevailing plaintiffs.

Under 28 U.S.C. § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." In addition, the court has inherent authority to award sanctions against an attorney who acts in bad faith for oppressive reasons. See Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997). In either event, a finding of recklessness or bad faith is required. Lahiri v. Universal Music and Video Distribution Corp., 606 F.3d 1216, 1219 (9th Cir. 2010) (Section 1927); Roadway Express v. Piper, 447 U.S. 752, 767 (1980) (inherent power). "[A] finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous;

---

[2] If a plaintiff brings an FDCPA action in bad faith and for the purpose of harassment, the court may award a reasonable attorney fee to the defendant. 15 U.S.C. § 1692k(a)(3). However, defendants seeks an award of fees from plaintiff's counsel in this case.

ORDER - page 2

where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees.'" B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1108 (9th Cir.2002), quoting Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001).

Defendant asserts that plaintiff's counsel prolonged this litigation by seeking discovery instead of conducting an appropriate inquiry before filing the case. Defendant contends that it was instead forced fulfill the reasonable inquiry obligations.

Defendant prevailed at summary judgment, in part because the letter it sent to plaintiff attempting to collect a debt that plaintiff did not owe actually named another person. There was no evidence presented to suggest that that person did not owe the debt. However, defendant sent the letter to plaintiff's address, in part, because the name of the purported debtor closely resembled that of plaintiff. Although the evidence did not support a claim under the FDCPA, the court does not find abusiveness in pursuing the claim and seeking discovery as to how defendant obtained plaintiff's address and determined to send the notice to that address.

Although the damages sought were minor, that standing alone does not suggest a bad faith or reckless attempt to pressure defendant into settling in order to avoid an alleged

ORDER - page 3

disproportionate fee award. Defendant argues that plaintiff's counsel failed to conduct an appropriate inquiry before filing suit on the one hand, but argues that plaintiff's counsel prolonged the litigation by seeking discovery from defendant and its chosen research partner, LexisNexis. It is unlikely that either defendant or LexisNexis would have provided information, regarding the determination to send the notice to plaintiff's address, outside of the discovery context in this litigation. The fact that the court did not reach the issue of the bona fide error defense does not mean discovery into this area was not necessary and indeed it appears that an error regarding plaintiff's social security number played a role in the notice being sent to plaintiff's address. Although the fact that the purported matching social security number was not communicated to plaintiff, it can be argued that this type of litigation for small amounts plays a larger and more important role in preventing small, but easily repeated violations. Money damages are not the only benefit to litigation and the court declines defendant's invitation to find that plaintiff's counsel engaged in this litigation only to benefit himself through the recovery of attorney fees. Defendant's motion for attorney fees is denied.

Defendant also seeks $20 in costs pursuant to 28 U.S.C. § 1923(a), and that motion is granted.

## CONCLUSION

For the reasons stated above, Defendant's motion for attorney fees (#44) is denied to the extent it seeks fees incurred in opposing this case and granted in the amount $20 for costs.

DATED this 10th day of January, 2012.

Michael R. Hogan
United States District Judge